# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN DIANE MATKIN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>GLORIA HENRY, Warden<br><br>　　　　　Respondent.<br>_____/ | 1:09-cv-00683-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus April 17, 2009, along with a motion to proceed in forma pauperis and motion for appointment of counsel.  (Court Docs. 1-3.) The petition challenges a 1997 conviction in the Kern County Superior Court for possession of methamphetamine with enhancements.

　　　　Petitioner previously challenged this same conviction in a prior petition for writ of habeas corpus filed in this Court on June 18, 2001, in case number 1:01-cv-05770-OWW TAG (HC). On August 12, 2004, the petition was denied on the merits and judgment was entered in favor of Respondent.  (Court Docs. 37, 38.)  The Ninth Circuit Court of Appeals affirmed the judgment on December 22, 2005.  (Court Doc. 52.)

　　　　Under AEDPA's new "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the

1

district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
A court of appeals may grant such an order only upon a showing that:

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

"Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir.2001). Even if a petitioner can demonstrate that he qualifies for one of the exceptions set forth in 28 U.S.C. § 2244(b)(2), he must seek authorization from the court of appeals before filing his new petition with the district court. Burton v. Stewart, 549 U.S. 147 (2007); 28 U.S.C. § 2244(b)(3). Petitioner contends that because the claims in the instant petition were dismissed without prejudice for failure to exhaust the state judicial remedies, she is entitled to present them now after exhaustion. Petitioner's claim is without merit because she chose the option of abandoning those claims and has now returned to this Court well after the first petition was denied on the merits and affirmed on appeal. See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244(a)-(b). In fact, Petitioner was specifically advised in the first petition that should she "abandon unexhausted claims, any attempt by Petitioner to amend the petition to include the claims may be precluded by the abuse of the writ doctrine." (Court Doc. 18, in case no. 1:01-05770-OWW-TAG (HC), Findings and Recommendation, at 3.) Therefore, because the prior petition was adjudicated and

1 denied on the merits, the instant petition is clearly a second and successive petition which must
2 be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for writ of habeas corpus be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 22, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE